**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Micalann C. Pepe (029053)
mcp@jaburgwilk.com
Ian M. Fischer (026239)
imf@jaburgwilk.com
Kate A. Myers (034204)
kam@jaburgwilk.com

Attorneys for Defendant Safeco Insurance Company of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodi Moshier and Michael Moshier, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>Safeco Insurance Company of America, a New Hampshire Corporation,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

Defendant Safeco Insurance Company of America ("Safeco") removes this case to the United States District Court for the District of Arizona on the following grounds.

**I.    NATURE OF THE CASE.**

1. On January 4, 2023, Plaintiffs Jodi Moshier and Michael Moshier filed a Complaint in the Maricopa County Superior Court of Arizona captioned *Jodi Moshier et al. v. Safeco Insurance Company of America*, Case No. CV2023-000140 ("the "State Court Action"). *See* Ex. A, Complaint.

2. On January 6, 2023, Plaintiffs served the Complaint on Safeco through the Arizona Department of Insurance. *See* Ex. A, Summons.

3. On January 9, 2023, the Arizona Department of Insurance sent the Complaint to Safeco. *See Anderson v. State Farm Mutual Automobile Insurance Co.,*

917 F.3d 1126 (9th Cir. 2019) (thirty-day removal clock commences when an insurer receives a complaint rather than service of complaint on an insurer's "statutorily designated agent").

4. Plaintiffs allege that, on May 13, 2021, they were injured when the vehicle Jodi Moshier was driving, and in which Michael Moshier was a passenger, was struck by a tire that came loose from an underinsured motorist's vehicle. Compl. ¶¶ 7-17.

5. At the time of the collision, Plaintiffs were allegedly insureds under a Safeco auto insurance policy ("Policy") which covered two vehicles. Compl. ¶¶ 18, 21.

6. The Policy had underinsured motorist ("UIM") coverage limits of $100,000 per person and $100,000 per collision. Compl. ¶ 18.

7. Plaintiffs allege they submitted a claim for UIM benefits on the Policy on April 13, 2022, and Safeco paid the $100,000 Policy limit, which they claim was for only one of the vehicles on the Policy. Compl. ¶¶ 23- 24.

8. According to Plaintiffs, Safeco improperly "failed and/or refused to pay the remaining policy limits." Compl. ¶ 25.

9. According to Plaintiffs, Safeco improperly prohibited them from stacking UIM coverage under the Policy and they are entitled to stack multiple coverages. Compl. ¶¶ 39, 52.

10. Although not identified in separate counts, Plaintiffs assert causes of action for declaratory relief, Compl. ¶¶ 50-56, breach of contract, Compl. ¶¶ 57-60, and breach of the covenant of good faith and fair dealing/bad faith, Compl. ¶¶ 61-76.

11. Plaintiffs seek direct and consequential damages, special damages, general damages, punitive damages, and attorneys' fees. Compl. p. 23-24.

12. Plaintiffs also seek to represent a class that Plaintiffs allege includes individuals:

2

     A.    Who are "insureds" on Safeco insurance policies issued, and in force, in Arizona from January 4, 2013 through present;

     B.    Who were involved in a motor vehicle collision with an uninsured motor vehicle and/or an underinsured motor vehicle;

     C.    Where the insurance policies issued by Defendant Safeco provided Uninsured Motorist Coverage and/or Underinsured Motorist Coverage on more than one vehicle;

     D.    Where Defendant Safeco paid the policy limits of Uninsured Motorist Coverage and/or Underinsured Motorist Coverage on one vehicle, but either failed or refused to pay any Uninsured Motorist and/or Underinsured Motorist benefits on the remaining vehicles.

Compl. ¶¶ 83-84.

## II.   THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a) AND 1367.

13.    Under 28 U.S.C. § 1332(a), this Court has jurisdiction over this civil action because Plaintiffs and Safeco are diverse and the amount in controversy requirement is satisfied.

### A.   Plaintiffs and Defendants Are Diverse.

14.    Plaintiffs are citizens of Arizona, as the Complaint alleges they were Arizona insurance policyholders. Compl. ¶ 18.

15.    Safeco is a citizen of New Hampshire for federal diversity jurisdiction purposes because it is a New Hampshire corporation with its principal place of business in Massachusetts.

16.    There is complete diversity of citizenship between the parties under 28 U.S.C. § 1332.

### B.   The Amount in Controversy Requirement Is Satisfied.

17.    Plaintiffs allege "Safeco failed and/or refused to pay the remaining policy limits [$100,000] properly owed on the other vehicle on the Safeco policy." Compl. ¶ 25.

3

18. Plaintiffs certified this as a "Tier 3" case, that is, a case seeking $300,000 or more in damages. Compl. p.23; ARCP 26.2(c)(3)(C).

19. Plaintiffs also seek damages for "Safeco's [alleged] breach of the covenant of good faith and fair dealing." Compl. ¶ 74.

20. Plaintiffs also seek attorney fees. Compl. p. 24; *see also Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76 (9th Cir. 2002) (attorney fees considered when determining amount in controversy in alleged bad faith cases).

21. Plaintiffs also seek punitive damages. Compl. ¶ 76.

22. Although Safeco denies it owes Plaintiffs anything, Plaintiffs seek more than the $75,000 minimum amount in controversy.

### C. This Court Has Supplemental Jurisdiction Over the Putative Classes.

23. This Court has supplemental jurisdiction over the entire putative class under 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) (where one named plaintiff in an alleged class action satisfies the amount-in-controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs).

## III. THIS COURT ALSO HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D) ("CAFA").

24. This Court also has jurisdiction under CAFA, because Plaintiffs' allegations indicate that they seek to represent a putative class with more than 100 putative class members who, under Plaintiffs' theories, would be seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity of citizenship. 28 U.S.C. § 1332(d).

### A. The Putative Class Allegedly Exceeds 100 Members.

25. Plaintiffs allege the Rule 23 numerosity requirement is "easily" met because Safeco has "routinely denie[d]" stacked uninsured and/or underinsured motorist coverage from January 4, 2013 through the present. Compl., ¶¶ 84(A), 88.

4

26. Although Safeco denies the putative class is properly defined and that this case is proper for class treatment, based on the Complaint's allegations, and the amount of time at issue in this case, there are plausibly over 100 class members here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (removal notice need only plausibly allege, not detail proof of the amount in controversy); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (same).

**B.     There Is Minimal Diversity.**

27. As detailed above, Safeco is a citizen of New Hampshire and Plaintiffs are citizens of Arizona for diversity purposes. 28 U.S.C. § 1332(c)(1).

28. Plaintiffs also seek to represent putative class members with insurance policies issued and in force in Arizona. *See* Compl. ¶ 84(A).

29. Accordingly, there is minimal diversity here in that at least one class member is a citizen of Arizona and no defendant is a citizen of Arizona.

**C.     The Amount in Controversy Exceeds the Jurisdictional Threshold.**

30. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

31. In meeting its burden of establishing the CAFA amount in controversy requirement is met by a preponderance of the evidence on removal, a removing defendant need not submit detailed evidence with its removal notice, but need only show plausibly that removal jurisdiction exists. *Dart*, 574 U.S. at 89; *Fritsch*, 899 F.3d at 788.

32. Courts in this Circuit have upheld logical extrapolations of the amounts at issue in a case as justifying CAFA removal. *See, e.g., LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015); *Gates v. Starbucks Corp.*, No. 09-02702, 2009 WL 2591492, at *3 (N.D. Cal. Aug. 21, 2009).

5

33. Here, based upon Plaintiffs' Complaint's allegations and theories (which Safeco disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is satisfied.

34. For example, as noted, for Plaintiffs alone, the compensatory damages based on the Policy's limit for the claimed stacked coverage are alleged to be $100,000. If just 50 putative class members had at least $100,000 compensatory damages, the amount in controversy would be over $5,000,000. And if just 201 putative class members had compensatory damages of $25,000 alone, the amount in controversy would be over $5,000,000.

35. Moreover, as noted above, the entire class allegedly seeks punitive damages, which also count toward the CAFA amount in controversy. *See, e.g., Copple v. Arthur J. Gallagher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *4 (W.D. Wash. Aug. 2, 2022) ("[W]hen CAFA applies, ... the total amount of the claimed punitive damages are to be applied to the statute's $5 million jurisdictional amount requirement.") (citation and internal quotations omitted). Accordingly, these damages would push the class amount in controversy even further over $5 million.

36. Plaintiffs also seek attorneys' fees. *See, e.g.*, Compl., p. 24. If attorneys' fees are available to Plaintiffs under the pleaded causes of action—and here, as Plaintiffs expressly allege, fees are available under A.R.S. §§ 12-341 and 12-341.01—then attorneys' fees likewise are included in determining the jurisdictional amount. *See, e.g., Lucas v. Michael Kors (USA), Inc.*, No. CV181608MWFMRWX, 2018 WL 2146403, at *11 (C.D. Cal. May 9, 2018) (noting that attorneys' fees are properly included in amount in controversy calculation in case removed under CAFA). The addition of attorneys' fees would even further increase the amount in controversy here above $5,000,000.

6

## IV. SAFECO HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS.

37. Under 28 U.S.C. § 1446(d), Safeco filed a timely Notice of Removal within thirty days of Plaintiffs serving the Complaint.

38. Written notice of this Notice of Removal will be given to Plaintiffs as required by law.

39. Safeco has simultaneously filed a Notice of Filing Notice of Removal in the Maricopa County Superior Court of Arizona. *See* Ex. D, Notice of Filing Removal.

40. Pursuant to LR Civ. 3.6, the following separate attachments are filed with this Notice of Removal: (a) the most recent state court docket, which includes copies of all pleadings filed in the Maricopa County Superior Court, and specifically includes the Summons, Complaint and Certificate of Compulsory Arbitration, **Exhibit A**; (b) the Supplemental Civil Cover Sheet as **Exhibit B**; and (c) verification of Micalann C. Pepe, undersigned counsel, that true and complete documents accompany this Notice of Removal as **Exhibit C**.

Accordingly, Defendant Safeco respectfully requests that this action be removed to this Court.

DATED this 3rd day of February, 2023.

**Jaburg & Wilk, P.C.**

*/s/ Micalann C. Pepe*
Micalann C. Pepe
Ian M. Fischer
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Defendant Safeco Insurance Company of America

*Certificate of Service*

I hereby certify that on 3rd day of February, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Brett L. Slavicek
James Fucetola
Justin Henry
THE SLAVICEK LAW FIRM
5500 North 24th Street
Phoenix, Arizona 85016
brett@slaviceklaw.com
james@slaviceklaw.com
justin@slaviceklaw.com
Attorneys for Plaintiffs

 /s/ Stephanie Dolfini

8