Brett L. Slavicek (No. 019306)
James Fucetola (No. 029332)
Justin Henry (No. 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Fax: (602) 287-9184
Email: brett@slaviceklaw.com
        james@slaviceklaw.com
        justin@slaviceklaw.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodi Moshier and Michael Moshier, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>Safeco Insurance Company of America, a New Hampshire corporation,<br><br>Defendant. | Case No. CV-23-00225-PHX-DLR<br><br><br>**MOTION TO TRANSFER AND CONSOLIDATE** |

Plaintiffs Jodi Moshier and Michael Moshier ("Moshier"), through undersigned counsel, hereby move this Court for an Order consolidating *Haenfler v. Safeco Ins. Co. of America*, 23-cv-00822-PHX-ROS (D. Ariz.) with this case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Moreover, Moshier requests the transfer of *Lopez v. Liberty Mutual Personal Insurance Company*, 23-cv-00629-ROS (D. Ariz.), to the Honorable Douglas L. Reyes pursuant to LRCiv. 42.1(a).

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Moshier seeks consolidation of *Haenfler* and transfer of *Lopez* to be heard with *Moshier* because all three actions involve "substantially the same party" as well as common questions of law and fact. Specifically, the core issue in all three cases is whether the defendant insurance company is required to stack uninsured motorist (UM) and underinsured motorist (UIM) coverage on their policies. Consolidation of *Moshier* and *Haenfler* will promote efficiency because both cases involve the same defendant (Safeco) and common discovery. Transfer of *Lopez* will likewise promote efficiency because Liberty Mutual Personal Insurance Company (the defendant in that case) is an affiliate of Safeco, both are represented by the same defense counsel, and discovery is likely to overlap between the cases. Undersigned counsel also represents the plaintiff in the *Lopez* case. And counsel for the plaintiff in *Haenfler* advise they do not oppose consolidation.

**I.    Background**

Under Arizona law, separate UM and UIM coverages are purchased on every vehicle on a multi-vehicle policy. *See Franklin v. CSAA Gen. Ins. Co.*, 532 P.3d 1145, 1151 ¶ 24 (Ariz. 2023) (concluding A.R.S. § 20-259.01(H) "recognizes a separate UIM coverage 'purchased' for each vehicle in a multi-vehicle policy."). While insurers are authorized to preclude insureds from "stacking" multiple UM/UIM coverages on separate vehicles, insurers are required to take affirmative steps to do so. *See State Farm Mut. Auto. Ins. Co. v. Lindsey*, 897 P.2d 631, 633 (Ariz. 1995). Specifically, to preclude stacking:

> [I]nsurers must (1) expressly and plainly limit stacking in the policy and (2) satisfy the notice requirement informing the insured of their "right to select one policy or coverage" either in the policy itself or in writing to the insured within thirty days after the insurer is notified of the accident.

*Franklin*, 532 P.3d at 1148 ¶ 11 (internal citation omitted).

Moshier and Shirley Haenfler ("Haenfler") allege Safeco failed to comply with § 20-259.01(H), and is, therefore, required to provide stacked UM and UIM coverage to its insureds. Similarly, Crystal Lopez ("Lopez") alleges Liberty Mutual Personal Insurance Company ("Liberty Mutual") failed to comply with § 20-259.01(H), and is required to provide stacked UM and UIM coverage to its insureds.

**A. Jodi and Michael's claims against Safeco**

Safeco issued a policy to Jodi and Michael on their (1) 2006 Lincoln Navigator and (2) 2015 Lexus IS 350 under Policy No. M1724287, effective August 13, 2020 through August 13, 2021 ("Moshier Policy"). The Moshier Policy provided UM and UIM coverage in the amount of $100,000 per person, subject to an aggregate limit of $100,000 per collision. More importantly, separate UM and UIM coverages were purchased on every vehicle on the policy. *See Franklin*, 532 P.3d at 1151 ¶ 24. As such, to preclude stacking, Safeco was required to comply with § 20-259.01(H). *See id.* at 1148 ¶ 11.

The Moshier Policy was subject to Policy Form SA-2890/AZEP R1 3/14. Its anti-stacking language provides as follows:

*///*

*///*

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

> If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured**.

*See* Moshier Policy at 048, attached hereto as **Exhibit A**.[1] The Moshier Policy is also subject to Amendatory Endorsement–Arizona, SA-2767/AZEP R1 07/20, which provides:

> The following is added to **TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES (TWO OR MORE AUTO POLICIES** in the Named Non-Owner Policy):
>
> With respect to Uninsured Motorists and Underinsured Motorists Coverage, if this policy and any other auto insurance policy issued to you by us or an affiliate insurer apply to the same accident, only one of the policies will apply the accident. You will select the one policy that will apply.

*See* Moshier Policy at 021.

Contending Safeco failed to comply with A.R.S. § 20-259(H), Moshier filed this action on March 14, 2023. After removal, this case was assigned to this Court. Shortly after removal—and before an Answer was filed—this Court stayed the action pending a ruling on the certified questions in *Franklin* (Dkt. #7). Recently, this Court lifted the stay and this matter is set for a case management conference on November 9, 2023 (Dkt. #11).

---

[1] **Bold** terms are defined in the policy.

4

**B.  Shirley Haenfler's claims against Safeco**

Safeco issued a policy to Donald and Roiann Silliman—Haenfler's parents, who she lived with at the time of collision—on their (1) 2003 Dodge Ram and (2) 2019 Toyota Highlander under Policy No. Y8743129, effective March 1, 2021, through March 1, 2022 ("Haenfler Policy"). The Haenfler Policy provided UM and UIM coverage in the amount of $100,000 per person, subject to an aggregate limit of $300,000 per collision. Like the Moshier policy, the Haenfler Policy provided separate UM and UIM coverages on every vehicle. *See Franklin*, 532 P.3d at 1151 ¶ 24. As such, to preclude stacking, Safeco was required to comply with § 20-259.01(H). *See id.* at 1148 ¶ 11.

The Haenfler Policy was subject to Policy Form SA-2890/AZEP 12/16. While the policy form is different than the Moshier Policy, the Two or More Autos anti-stacking language is identical:

> **TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**
>
> If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured**.

*See* Haenfler Policy at 048, attached hereto as **Exhibit B**. The Haenfler policy is also subject to Amendatory Endorsement–Arizona, SA-2767/AZEP R1 07/20—the same endorsement on the Moshier Policy.

Contending Safeco failed to comply with A.R.S. § 20-259(H), Haenfler filed her Complaint on May 11, 2023, and the case was assigned to the Honorable Roslyn O. Silver. Like this case, the Haenfler action was stayed pending *Franklin*. After the Arizona Supreme Court issued its decision, the stay was lifted. A Rule 16 Scheduling Order was entered on October 3, 2023.

**C.  Crystal Lopez' claims against Liberty Mutual**

Liberty Mutual issued a policy to Crystal on her (1) 2012 Dodge Ram and (2) 2003 Toyota Avalon under Policy No. AOV-261-513578-70 0 8, effective May 13, 2020, through May 13, 2021 ("Lopez Policy"). The Lopez Policy provided UM and UIM coverage in the amount of $15,000 per person, subject to an aggregate limit of $30,000 per collision. Separate UM and UIM coverages were purchased on every vehicle on the policy. *See Franklin*, 532 P.3d at 1151 ¶ 24. As such, to preclude stacking, Liberty Mutual was required to comply with § 20-259.01(H). *See id.* at 1148 ¶ 11.

The Liberty Mutual anti-stacking language is identical to the Safeco policies:

> **TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**
>
> If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to your or any **insured**.

6

*See* Lopez Policy at 024, attached hereto as **Exhibit C**. Liberty Mutual, unlike Safeco, did not issue an amendatory endorsement.

Although Liberty Mutual and Safeco are "separate" entities, they are essentially the same company. For example, the Corporate Disclosure Statement for each entity shows they are both wholly owned by Liberty Mutual Group, Inc.—which is owned by LMHC Massachusetts Holdings, Inc, which is owned by Liberty Mutual Holding Company, Inc. *Compare* Safeco Corporate Disclosure Statement (Dkt. #2) *with* Liberty Mutual Corporate Disclosure Statement, attached hereto as **Exhibit D**.

In addition, Safeco and Liberty Mutual claims practices for UM and UIM claims are identical. Indeed, Safeco adjusters are, upon information and belief, either employees of Liberty Mutual or under its control. For example, claims adjusters for Safeco have Liberty Mutual e-mail addresses. *See* Letter from Safeco to Lerner & Rowe, PC, dated May 15, 2022, attached hereto as **Exhibit E**; Medpay Letter from Safeco to Lerner & Rowe, PC, dated April 20, 2022, attached hereto as **Exhibit F**.

Contending Liberty Mutual failed to comply with A.R.S. § 20-259(H), Lopez filed her Complaint on March 14, 2023. After removal, the case was assigned to the Honorable Roslyn O. Silver. Like this case, Crystal's case was stayed pending *Franklin*. After the Arizona Supreme Court issued its decision, the stay was lifted. A Rule 16 Scheduling Order was entered on October 3, 2023.

///

///

**II.     Consolidation of Safeco cases**

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Thus, consolidation is permitted if actions present common issues of law or fact as a matter of convenience as well as economy in judicial administration of the actions. *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). This Court, however, "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In doing so, this Court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, LLC*, No. 03-cv-1555, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006). Indeed, "the risk of inconsistent adjudications of common factual and legal issues" favors consolidation. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

Moshier and Haenfler's class claims are not only similar, they are identical in all material respects. Both plaintiffs assert breach of contract, bad faith and declaratory judgment claims regarding stacking. When resolving the dispositive issue of whether stacking is permitted on Safeco policies, both Courts will review and apply the exact same policy language. When considering whether Safeco committed bad faith for failing to pay stacked benefits to its insureds, both Courts will consider, for the most part, the same facts. Discovery will involve common sources of data and information about Safeco's claims

handling practices. When considering whether to certify the claims as a class action, both Courts will consider the same facts to determine whether class certification is appropriate, and discovery will proceed along similar lines. As such, consolidating the two cases would preserve judicial resources by avoiding duplicative discovery and factfinding efforts. In addition, consolidation would prevent potentially inconsistent rulings on the same legal issues.

Moreover, consolidation will not prejudice any party. No Court has rendered any substantive rulings and both cases are in the early stages of discovery. The defendant, Safeco, is the same entity in both cases. Counsel for Safeco is the same in both cases. Thus, it will be more economical for Safeco to defend the two actions in one proceeding.

## III.    Transfer of Liberty Mutual case

Transfer is appropriate if the movant shows that two or more cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different judges.

LRCiv. 42.1(a). When considering case transfer, "[a] principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *City of Phoenix v. First State Ins. Co.*, No. 15-cv-00511, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016).

The plaintiffs in *Moshier* and *Lopez* assert parallel claims, namely, that (1) Safeco and Liberty Mutual's policies and claims handling practices failed to comply with § 20-

259.01(H); (2) both insurers breached their contracts and committed bad faith when they failed to pay stacked benefits to their insureds; and (3) class-wide relief is appropriate. Thus, both cases "call for determination of substantially the same questions of law." LRCiv. 42.1(a). Indeed, both Courts acknowledged as much when issuing stays in both actions pending a ruling on the certified questions in *Franklin.*

In addition, the policy language relating to stacking in Moshier and Lopez is **<u>identical</u>**. Absent transfer, two separate judges would perform a duplicate analysis of whether the policy language satisfied § 20-259.01(H)—a waste of judicial resources and creating a possibility of divergent rulings on identical policy language. *See Caron v. Caesars Entertainment Corp.*, No. 19-cv-05922, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (granting motion to transfer when cases are substantially identical to avoid duplicative and possibly inconsistent rulings). Moshier, therefore, requests this Court transfer the *Lopez* case to the Honorable Douglas L. Reyes.

## IV.    CONCLUSION

All three cases are, at their core, about whether Safeco and Liberty Mutual—two separate entities under Liberty Mutual's umbrella—are required to provide stacked UM and UIM coverage to their insureds. Not only is the defendant essentially the same, but the relevant policy language is identical, and the cases address common claims handling operations at Safeco and its affiliate, Liberty Mutual. Accordingly, consolidation (*Haenfler*) and case transfer (*Lopez*) will conserve judicial and party resources as well as provide streamlined discovery. Therefore, Moshier respectfully requests this Court

consolidate *Haenfler v. Safeco Ins. Co. of America*, 23-cv-00822-PHX-ROS with this action as well as order that *Lopez v. Liberty Mutual Personal Insurance Company*, 23-cv-00629-ROS be transferred to the Honorable Douglas L. Reyes.

DATED this 26th day of October, 2023.

**THE SLAVICEK LAW FIRM**

*/s/ Justin Henry*
Brett L. Slavicek
Justin Henry
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ian M. Fischer
Micalann C. Pepe
Kate A. Myers
JABURG & WILK, PC
3200 North Central Avenue, 20th Floor
Phoenix, Arizona 85012
*Attorneys for Defendants Safeco & Liberty Mutual*

Robert B. Carey
John M. DeStefano
Elizabeth T. Beardsley
HAGENS BERMAN SOBOL SHAPIRO, LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
*Attorneys for Shirley Haenfler*

Evan S. Goldstein
GOLDSTEIN WOODS & ALAGHA
706 East Bell Road, Suite 200
Phoenix, Arizona 85022
*Attorneys for Shirley Haenfler*

Bruce S. Feder
FEDER LAW OFFICE PA
2930 East Camelback Road, Suite 160
Phoenix, Arizona 85016
*Attorneys for Shirley Haenfler*

*/s/ Natalie Newell*